Filed 12/9/25  In re J.H. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re J.H., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>J.H.,<br><br>    Defendant and Appellant. | E085283<br><br>(Super.Ct.No. J302498)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Michael Dauber, Judge.  Affirmed.

Debbie Yen, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant J.H. (the minor) appeals from the order of the San Bernardino County juvenile court declaring him a ward pursuant to section 602 of the Welfare and Institutions Code and sentencing him to a term of probation.[1]

## BACKGROUND

When the minor was 15 years old, he restrained Jane Doe, a high school student, in the women's bathroom of a fast food restaurant, kissed her, and forced her to touch his penis. The minor was taken into custody and the People filed a section 602 petition alleging the minor falsely imprisoned and sexually battered Doe in violation of Penal Code sections 236 and 243.4, subdivision (a), respectively.

After hearing testimony of the victim, the minor, and witnesses, the juvenile court found the allegations against the minor true beyond a reasonable doubt and sustained the petition. It adjudged the minor a ward of the court, placed him on probation, and ordered him to pay $100 restitution (with the court reserving jurisdiction over that issue). The minor appealed and we appointed counsel to represent him.

## DISCUSSION

On appeal, the minor's appointed appellate counsel filed an opening brief that sets forth statements of the case and facts but does not present any issues for adjudication.

The brief includes a request for independent review of the record by this court in keeping with the procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436 and

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise noted.

*Anders v. California* (1967) 386 U.S. 738.  Counsel also lists two *Anders* issues:  (i) whether minor's counsel was ineffective for failing to make a hearsay objection to Doe's testimony that she heard another high school student yell to another girl before Doe entered the fast food restaurant; and, (ii) whether the trial court was aware of its discretion to "reduce the felonies to a misdemeanor."

Upon receipt of the brief, we offered defendant an opportunity to file any supplemental brief deemed necessary.  He did not respond to our invitation.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, 119–120, we have conducted an independent review of the record and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

FIELDS
J.

RAPHAEL
J.